11-5277-cv
Wagner v. Sprague

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve,

Present:      AMALYA L. KEARSE,
              CHESTER J. STRAUB,
              ROSEMARY S. POOLER,
                    *Circuit Judges*.

_____

MICHAEL WAGNER, LEVI INGERSOLL, KEN FENWICK,
SIDNEY ALPAUGH,

                    *Plaintiffs-Appellants*,

              -v-                                              11-5277-cv

WILLIAM SPRAGUE, both individually and in his capacity as a
Major in the New York State Police, DAVID J. SWARTS, both
individually and in his capacity as the Chair of the Governor's Traffic
Safety Committee, DANIEL LARKIN, both individually and in his
capacity as a lieutenant in the New York State Police, JIM HALVORSEN,
both individually and in his capacity as a lieutenant in the New York
State Police,

                    *Defendants-Appellees*.[*]

_____

_____

[*] The Clerk of the Court is directed to change the caption as set out above.

Appearing for Appellants:    Tobi Rochford Salottolo (Mitchell Proner, *on the brief*), Proner & Proner, New York, NY

Appearing for Appellees:    Frank Brady, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants appeal from the district court's grant of summary judgment, dated November 17, 2011, dismissing their claims that the motorcycle checkpoint program violated the Fourth Amendment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 358 (2d. Cir. 2011). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

While a "search or seizure is ordinarily unreasonable in the absence of individualized suspicion of wrongdoing[,] . . . certain regimes of suspicionless searches" have been upheld "where the program was designed to serve 'special needs, beyond the normal need for law enforcement.'" *City of Indianapolis v. Edmond*, 531 U.S. 32, 37 (2000). The motorcycle checkpoint program in this case is exactly this sort of suspicionless search. Defendants advanced proof that the primary purpose of the program was to increase motorcycle safety. Plaintiffs have not proffered evidence sufficient to show that there is a genuine issue to be tried as to that fact. As we have previously noted, "the special needs doctrine applies to any program of searches whose 'primary purpose' is a government interest other than crime control, and the mere fact that crime control is *one* purpose—but not the *primary* purpose—of a program of searches does not bar the application of the special needs doctrine." *Lynch v. City of New York*, 589 F.3d 94, 102 (2d Cir. 2009) (internal citation omitted).

Thus, we apply the special needs balancing test outlined in *Brown v. Texas*, which "involves a weighing of the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty." *Brown v. Texas*, 443 U.S. 47, 50-51 (1979). Applying this balancing test, we conclude that the well catalogued public interest in highway safety, *see, e.g.*, *Delaware v.*

*Prouse*, 440 U.S. 648, 658 (1979), is well served by the safety checkpoint program and outweighs the interference with individual liberty in this case. Accordingly, the district court did not err in concluding that there was no constitutional violation.

We find the Appellants' remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk